999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony BRANCH, Defendant-Appellant.
 No. 92-6515.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Anthony Branch appeals his sentence for possession of a firearm by a convicted felon. After careful consideration, we conclude that there is no need for oral argument in this case and exercise our authority to waive oral argument, pursuant to Rule 9(a), Rules of the Sixth Circuit. We affirm.
 
 
 2
 * On March 23, 1992, Anthony Branch pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). At a sentencing hearing held on September 18, 1992, the district court determined that Branch was an armed career criminal, under 18 U.S.C. § 924(e), because he had at least three prior felony convictions for crimes of violence. Therefore, Branch was sentenced to the statutory minimum of 180 months' imprisonment followed by three years' supervised release.
 
 
 3
 Branch's prior felony convictions consisted of a conviction for statutory rape in 1986; six convictions for burglary II in 1987; and two convictions for attempt to commit a felony (attempted burglary), one in 1987 and one in 1990. The district court based its finding that Branch is an armed career criminal on the six convictions for burglary and the two convictions for attempt to commit a felony. The district court rejected Branch's arguments that the six burglary convictions in 1987 were part of a single criminal episode and that the two convictions for attempt to commit a felony did not have the prerequisite elements required by 18 U.S.C. § 924(e). Branch now raises these arguments on appeal.
 
 II
 
 4
 Branch contends that the six burglaries and one attempted burglary that he committed in 1987 were all part of the same criminal episode and thus cannot be counted as separate criminal episodes for the purpose of sentence enhancement under 18 U.S.C. § 924(e). The seven predicate offenses consisted of:
 
 
 5
 Case Number Charge Date
1) TN # 88"02863 Burglary II 10"05"87
2) TN # 88"02864 Burglary II 10"14"87
3) TN # 88"02865 Burglary II 11"02"87
4) TN # 88"02862 Burglary II 11"11"87
5) TN # 88"02860 Burglary II 11"13"87
6) TN # 88"02866 Burglary II 11"18"87
7) TN # 88"02861 Attempted Burglary 11"23"87
 
 
 6
 In United States v. Brady, 988 F.2d 664 (6th Cir.1993) (en banc), this court defined a criminal episode as:
 
 
 7
 "an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration."
 
 
 8
 Id. at 668 (quoting United States v. Hughes, 924 F.2d 1354, 1361 (6th Cir.1991)). In Brady, this court held "that offenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and that the convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." Brady, 988 F.2d at 669 (emphasis added). The only difference between Brady and this case is that Branch committed his crimes over a period of almost two months, instead of less than one hour. Obviously, under the analysis in Brady, Branch's burglary offenses are separate and distinct criminal episodes.
 
 III
 
 9
 Accordingly, we AFFIRM Branch's sentence. Because the six convictions for burglary provide a sufficient basis for the armed career criminal enhancement, we do not reach Branch's argument that the two convictions for attempt to commit a felony did not have the prerequisite elements required by 18 U.S.C. § 924(e).